Derbigny, J.
delivered the opinion of the court. The plaintiff and appellee, a planter of the parish of Orleans, being syndic of his district, and having as such in custody, in his field, some stray cattle, the defendant and appellant, his *28 neighbor, pulled down the fence which separates their plantations, went after some horses, which belonged to him, and drove them out of the appellee’s field into his own.
East'n. District.
Dec. 1815.
Against this alleged trespass the plaintiff and appellee has laid a two-fold complaint, asserting that “ it was committed not only in violation of his private property, but in contempt of the authority with which he was vested as syndic.” He concludes with a prayer for damages, and has obtained judgment for one hundred dollars, from which the present appeal is brought.
The form of this action has been objected to, as blending together a demand for public, with one for private, reparation. It is certain that the trespass complained of cannot he viewed here, as the plaintiff represents it, as a violation of a private right and a contempt of public authority; the plaintiff cannot recover damages to his own use for such a contempt. The reparation in this particular is of a different nature than that due for a private injury. But, we cannot think that the allegation of the plaintiff, concerning the contempt of his authority, affects the action which he has a right to bring for a private reparation: his suit, therefore, can be maintained so far as it concerns his private interest.
The next object of our consideration, is a bill *29 of exceptions, taken by the defendant on the refusal of the parish judge, to admit, as a witness a person who accompanied the defendant when he went into the plaintiffs’ field after his horses. The judge, it appears, rejected that witness, as interested in the event of the suit. In this, we think he erred. It is a principle of our laws, that, even after a judgment has been given in solidum, against several persons who have committed a trespass together, if any one of them pays the whole sum recovered, he has no action against the others to compel them to contribute. 1 Pothier, Oblig, n. 282. Much less could the defendant here, who is sued alone, call on his co-trespasser to share the condemnation with him. That person is not interested in the event of the suit, and ought to have been admitted as a competent witness, however suspicious he may otherwise be, from his connection with the defendant in the alleged trespass.
It might be further observed, that if he had any interest in the suit, that interest was adverse to the defendant who called him; as the plaintiff who has recovered damages from one trespasser, cannot afterwards demand any from the other trespassers, VII Partida, 15, 15. The witness, in the case, was to be benefitted by a judgment against the defendant. Duperron vs. Meunier, 3 Martin, 285.
Moreau for the plaintiff; Duncan for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and that the cause be remanded for trial to the parish court, with directions to the judge to admit Honoré Duplechin as a witness, if there be no other objection to his competency, than the one alluded to in the bill of exceptions filed by the appellant.

Martin, J. did not join in this opinion, having been of counsel in the case.